IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven Michael Cribb, ) | Civil Action No.:2:12-2073-JFA-BHH |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Mildred Rivera, Warden, ) | |
| Respondent. ) | |

The Petitioner, a federal prisoner proceeding *pro se*, has filed this habeas petition pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

On October 9, 2012, the Respondent filed a Motion to Dismiss or, Alternatively, to Transfer the Case. (Dkt. No. 10.) Petitioner filed a Response in Opposition to that motion, as well as an "Emergency Motion for an Immediate Hearing." (Dkt. No. 13; Dkt. No. 14.)

On December 28, 2012, the undersigned issued an order denying Petitioner's "Emergency Motion for an Immediate Hearing" and staying the case. (Dkt. No. 17.) That order stated, *inter alia*,

> At approximately the same time that he filed the instant action, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and that action is currently pending in the United States District Court for the Middle District of North Carolina. See Cribb v. United States, 1:12CV849 and 1:09CR8-2. The argument in the case *sub judice* and in the § 2255 action is the same. In the § 2255 action pending in North Carolina, the Government filed a Response on December 5, 2012, wherein the Government affirmatively waived the statute of limitations defense and "agree[d] that the judgment and conviction . . . should be vacated." (Dkt. No. 46 in Cribb v. United States, 1:12CV849 and 1:09CR8-2.)
> 
> In light of the pending § 2255 action, and the Government's concession that Petitioner's conviction should be vacated, the undersigned ORDERS that

the case sub judice is hereby STAYED pending resolution of the § 2255 action in the United States District Court for the Middle District of North Carolina.

(Dkt. No. 17 at 1-2.) In that same order, the undersigned ordered Respondent to file a status report updating the Court on the status of the § 2255 motion every thirty days. (Id. at 2.)

On March 4, 2013, Respondent filed a Status Report in accordance with the order dated December 28, 2012. (Dkt. No. 22.) Respondent asserts that on February 7, 2013, Chief Judge William L. Osteen, Jr., adopted the Report and Recommendation of Magistrate Judge Joi Elizabeth Peake, and entered a judgment vacating Petitioner's sentence and dismissing the indictment. (Dkt. No. 22.) Respondent attached a copy of the Report and Recommendation, as well as a copy of Judge Osteen's Judgment, to her Status Report. (See Dkt. No. 22-1; Dkt. No. 22-2.)

It appears that Petitioner has received the relief he requests in the instant § 2241 petition in his § 2255 motion. The at-issue judgment of conviction has been vacated and the indictment dismissed. (See Dkt. No. 22-2.) Accordingly, the instant § 2241 petition is moot. See Powell v. McCormack, 395 U.S. 486, 496 (1969); see also Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir.2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."); Nakell v. Attorney Gen. of N.C., 15 F.3d 319, 322 (4th Cir.1994) (a case becomes moot when the issues presented are no longer live, or when parties lack a cognizable interest in the outcome).

## CONCLUSION

Wherefore, it is RECOMMENDED that the petition be DISMISSED as moot, and that Respondent's Motion to Dismiss or, Alternatively, to Transfer the Case (Dkt. No. 10) be deemed moot.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 6, 2013
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).